ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FITNESS QUEST INC. | ) | CASE NO. 5:06-CV-01921 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| DREAM FITNESS, et al., | ) | APPLICATION FOR PRELIMINARY |
| | ) | INJUNCTIVE RELIEF AND MOTION |
| Defendants. | ) | TO FILE UNDER SEAL (ECF 3 & 18) |
| | ) | |

This action is before the Court upon Plaintiff Fitness Quest, Inc.'s ("Fitness Quest") Motion for a Preliminary Injunction, and Motion to File Under Seal. (ECF 3 & 18). A hearing was held on September 6, 2006 (the "Hearing"), attended by counsel for Plaintiffs. The Defendants did not appear at the Hearing and have not opposed Plaintiff's Motion for Preliminary Injunction.

During the Hearing, counsel for Fitness Quest made four requests. First, that the Temporary Restraining Order entered by this Court on August 23, 2006 be converted to a Preliminary Injunction. Second, that this Court lift the seal as to the documents filed in this Action prior to the Hearing. Third, that Fitness Quest be permitted to disclose to its client eight of the documents seized pursuant to the Writ. Fourth, that an additional Writ be issued permitting Fitness Quest to seize and make mirror image copies of computers located at a second warehouse in California.

Having considered the facts and arguments presented to the Court at the Hearing, and having reviewed Fitness Quest's moving papers, the files and records in <u>Fitness Quest Inc. v. Dream Fitness, *et al.*</u>, Case Number 5:06-CV-1921 (United States District Court, Northern District of Ohio), and the applicable law, the Court **GRANTS** Fitness Quest's Motion for Preliminary Injunctive Relief and its Motion to File Under Seal.  With the modifications set forth herein, the Temporary Restraining Order entered on August 23, 2006 shall be converted to a Preliminary Injunction Order.  Further, the Court shall lift the seal as to the documents filed in this Action prior to the Hearing (ECF 1 to ECF 13).

The Court will reserve ruling on Fitness Quest's request that it be permitted to disclose to its client eight of the documents seized pursuant to the Writ, until such time as the Court has reviewed the documents *in camera*.  The Court will also reserve ruling on Fitness Quest's request that an additional Writ be issued permitting Fitness Quest to seize and make mirror image copies of computers located at a second warehouse in California.

## **PROCEDURAL HISTORY**

On August 10, 2006, Fitness Quest filed a complaint alleging violations of its rights in certain trademarks and copyrights as well as state laws against unfair competition.  Fitness Quest also filed *Ex Parte* Motions for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief and an *Ex Parte* Application for a Writ to Seize and Impound infringing and counterfeit products located in a warehouse in Compton, California. (ECF 3 & 4).  Finally, Fitness Quest moved to have its complaint, motion and application filed under seal.  (ECF 2).

This Court granted Fitness Quest's Motion to File Under Seal, and scheduled a hearing to address Fitness Quest's *Ex Parte* Motion and *Ex Parte* Application. (ECF 7 & 8).

On August 14, 2006, this Court held a hearing and ordered Fitness Quest to submit proof that it had complied with the statutory requirement that United States Attorneys in the Northern District of Ohio and the Central District of California be notified of Fitness Quest's *Ex Parte* Application for Writ. On August 17, 2006, Fitness Quest filed a second *Ex Parte* Motion to File Declarations and a Brief Under Seal. (ECF 9). The Declarations and Brief, which were filed under seal, satisfactorily addressed the statutory notice requirement.

On August 23, 2006, this Court entered two Orders granting Fitness Quest's *Ex Parte* Motion for Temporary Restraining Order and *Ex Parte* Application for Writ to Seize and Impound. (ECF 10 & 11). The Court also scheduled a hearing for 4:00 p.m. on September 6, 2006 to fulfill the requirements of 15 U.S.C. §1116(d)(10)(A) and to address Fitness Quest's Motion for Preliminary Injunction.

At approximately 10:00 a.m. on August 30, 2006, the United States Marshals executed the Writ to Seize and Impound. With the assistance of Heather M. Barnes, Esq., the Marshals identified and seized 443 counterfeit Total Gym® 1500 products and 83 counterfeit Ab Lounge® XL products. Plaintiffs learned from the warehouse owner that Defendants are expecting shipment of an additional container of counterfeit Ab Lounge® XL or Total Gym® 1500 products at the warehouse in Compton, California.

During the seizure, four computers at the warehouse in Compton, California were identified that are believed to contain documentation of Defendants' manufacture, sale or receipt of infringing or counterfeit Ab Lounge® and Total Gym® products. With the assistance of

forensic computer company EvidentData, Inc., mirror image copies were made of the computer databases. Prior to the Hearing, Fitness Quest filed a motion to file the mirror image of the database together with a videotape of the seizure and certain seized documents under seal. (ECF 18).

## ANALYSIS

### A. Motion for Preliminary Injunction (ECF 3)

When ruling on a motion for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the preliminary injunction; (3) whether issuance of the preliminary injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the preliminary injunction. E.g., Rock and Roll Hall of Fame v. Gentile Productions, 134 F.3d 749, 753 (6th Cir. 1998). Rule 65 further requires that:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Fed.R.Civ.P. 65(d). Rule 65 "applies to copyright impoundment proceedings." Fed.R.Civ.P. 65(f).

In an Order dated August 23, 2006, the Court set forth its Findings of Fact and Conclusions of Law justifying entry of a Temporary Restraining Order. Fitness Quest has met

4

its burden to demonstrate that the circumstances justifying entry of a Temporary Restraining Order continue to exist and that preliminary injunctive relief is warranted. Further, Defendants have not opposed entry of a Preliminary Injunction. Thus, this Court reaffirms the Findings of Fact and Conclusions of Law made in its Order dated August 23, 2006 and grants Fitness Quest's Motion for a Preliminary Injunction.

**B.**     **Request to Lift Seal**

At the Hearing, Fitness Quest requested that the documents filed in this case prior to the Hearing no longer be under seal. The documents in this case had been filed under seal pursuant to 15 U.S.C. § 1116(d)(8), which provides:

> An order under this subsection, together with the supporting documents, shall be sealed until the person against whom the order is directed has an opportunity to contest such order, except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carried out.

15 U.S.C. § 1116(d)(8). Defendants have been served with all of the documents in this action, and have been afforded an "opportunity to contest" this Court's Orders. As such, there is no impediment to lifting the seal on the documents filed prior to the Hearing. Thus, the seal is lifted as to ECF 1 through ECF 13.

## **CONCLUSION**

Based upon the foregoing, Fitness Quest's Motion for Preliminary Injunction (ECF 3) and Motion to File Under Seal (ECF 18) are **GRANTED**.

**IT IS ORDERED AND DECREED:**

(1) Fitness Quest is granted leave to file the following under seal:

    (a) Videotape of the August 30, 2006 seizure and impoundment of counterfeit goods;

    (b) Mirror imaged hard drive of the computers found at Great Central Warehouse 2911 E. Harcourt St., Compton, California 90221;

    (c) CD containing all documents found on the mirror imaged hard drive; and

    (d) Documents identified by computer forensic experts, EvidentData, relating to Dream Fitness having bates stamp numbers FQI 00001 to FQI 00008.

(2) Fitness Quest is granted leave to file a motion and proposed Order granting counsel for Fitness Quest leave to disclose to its clients documents bates stamp numbers FQI 00001 to FQI 00008.

(3) The prior Orders of this Court granting Plaintiff's Motions to File Documents Under Seal are lifted and the Clerk of Court is directed to unseal the docket and all filings previously placed under seal in this action (ECF 1 to ECF 13).

**IT FURTHER ORDERED AND DECREED:**

(1) Defendants, Dream Fitness and Ross Michael Quinn, and all of Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order, are permanently enjoined from, without permission from Fitness Quest:

(a) using the registered trademarks, Ab Lounge® or Total Gym®, and any colorable imitations thereof, or any marks confusingly similar thereto;

(b) offering to sell, distributing, selling, or using, in violation of federal trademark and copyright laws, counterfeit Fitness Quest products, including imitations/counterfeits of the Ab Lounge® XL and the Total Gym® 1500, as well as other materials, such as videos, dvd's, manuals and instructions associated with such Fitness Quest products;

(c) advertising counterfeit Fitness Quest products, including the Ab Lounge® XL and the Total Gym® 1500, on the world wide web, including without limitation, at www.dream-fitness.com or www.ebay.com; and

(d) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

(2) This Order shall remain in full force and effect until further Order of this Court.

**IT IS SO ORDERED.**

| | |
|---|---|
| September 8, 2006 | *S/John R. Adams* |
| | John R. Adams |
| Date | U.S. District Judge |